UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED

AUG 0 8 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

```
                                    )
CARLOS PARKS,                       )
                                    )
                                    )
              Petitioner,           )
                                    )
      v.                            )   Civil Action No. 19-02191 (UNA)
                                    )
UNITED STATES OF AMERICA,           )
                                    )
              Respondent.           )
                                    )
```

### MEMORANDUM OPINION

This matter is before the Court on review of the petitioner's *pro se* petition for a writ of habeas corpus. The petitioner pled guilty to first degree murder while armed, among other offenses, and now he is serving a 264-month term of imprisonment imposed by the Superior Court of the District of Columbia. *See* Pet. at 1 (page numbers designated by ECF). He neither appealed nor filed a post-conviction motion. *See id.* at 4. Here, the petitioner has raised an ineffective assistance of counsel claim, *see id.* at 5 (Ground One), and alleges that his counsel coerced him into accepting a plea, *see id.* at 6 (Ground Two). He asks this Court "for a[n] appeal on the sentence imposed." *Id.* at 13.

This Court has no jurisdiction to grant the relief the petitioner seeks. First, a direct appeal of a Superior Court conviction properly is brought before the District of Columbia Court of Appeals. *See* D.C. Code § 11-721(a)(1) ("The District of Columbia Court of Appeals has jurisdiction of appeals from . . . all final orders and judgments of the Superior Court of the District of Columbia[.]").

Second, a claim that trial counsel was ineffective is the sort of claim "routinely brought pursuant to [D.C. Code] § 23-110," *Rahim v. U.S. Parole Comm'n*, 77 F. Supp. 3d 140, 146 (D.D.C. 2015) (citations omitted), which in relevant part provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). This petitioner has no recourse in this federal district court "if it appears that [he] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to [§] 23-110(a)."); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). Here, the petitioner does not show that his § 23-110 remedy is inadequate or ineffective.

For these reasons, the Court will deny the petition for a writ of habeas corpus. An Order accompanies this Memorandum Opinion.

DATE: August 7, 2019

_____
United States District Judge